

FILED
NOV 14 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROFESSOR BRIAN BILES<br>The George Washington University<br>School of Public Health & Health Services<br>Department of Health Policy<br>2021 K Street, NW, Suite 800<br>Washington, D.C. 20006<br><br>       Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES<br>United States Department<br>of Health & Human Services<br>200 Independence Ave., SW<br>Washington, D.C. 20201<br><br>       Defendant. | Case: 1:11-cv-01997<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 11/14/2011<br>Description: FOIA/Privacy Act |

## COMPLAINT

### INTRODUCTION

1. Professor Brian Biles brings this action for injunctive relief against the Defendant due to its failure to disclose records in response to his Freedom of Information Act ("FOIA") request for Medicare Part C (also known as Medicare Advantage ("MA")) payment data for 2009. Professor Biles requested this information in order to analyze the data as it relates to current health care policy and to inform the public regarding the efficiency and effectiveness of the $500 billion per year Medicare program that serves forty-three million older and disabled Americans.

## JURISDICTION AND VENUE

2. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* (2011). This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (2011) and 28 U.S.C. § 1331 (2011). Venue is proper under 28 U.S.C. § 1391(b) (2011).

## PARTIES

### Plaintiff

3. Professor Brian Biles, MD, MPH, is a professor at The George Washington University School of Public Health and Health Services. He has served as the staff director of the House Ways and Means Subcommittee on Health and as Deputy Assistant Secretary for Health at the Department of Health and Human Services.

### Defendant

4. The Centers for Medicare and Medicaid Services ("CMS") is a federal agency within the U.S. Department of Health & Human Services. CMS administers the MA program.

## STATUTORY BACKGROUND

5. The FOIA encourages an informed citizenry by giving the American public access to the Federal Government's records.

6. Once a FOIA request for records has been made, the agency receiving the request has twenty (20) business days in which to determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i) (2011). If the agency decides not to disclose some or all documents responsive to the request, it must then immediately notify the requestor of records of the reasons for the denial and of the right of the requestor to appeal any adverse determination. *Id.*

7. If the agency fails to comply with the time limits enumerated in 5 U.S.C. § 552(a)(6)(A)(i) (2011), the requestor of records is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i) (2011).

8. Duplication fees under the FOIA are waived "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. §552(a)(4)(A)(iii) (2011).

**FACTS**

9. Professor Biles studies the MA program in his capacity as a professor at The George Washington University School of Public Health and Health Services. He has conducted important research on the MA program for the last nine years in order to inform the public of the efficiency of the MA program.

10. Professor Biles filed a FOIA request with CMS on dated July 18, 2011, seeking specific data and other information for 2009 provided to CMS, in or about June 2010, by all Medicare Part C Medicare Advantage organizations on Worksheet 1 – MA Base Period Experience and Projection Assumptions. Specifically, he requested all of the following base period data and information for 2009:

> a. SECTION I. GENERAL INFORMATION including all information in lines 1 through 14. Section I contains general plan information.
>
> b. SECTION II. BASE PERIOD BACKGROUND INFORMATION including all data and information in lines 1 through 6. Section II captures base period background information.

    c. SECTION III. BASE PERIOD DATA (AT PLAN'S NON-ESRD RISK FACTOR) FOR 1/1/2009-12/31/2009 including all data in lines a through q, r, s, or t (as provided) in columns d through i. Section III summarizes the base period data for the plan.

    d. SECTION VI. BASE PERIOD SUMMARY FOR 1/1/2009-12/31/2009 (EXCLUDES OPTIONAL SUPPLEMENTAL) including all data in lines 1 through 7 including lines 3b, 4b, 5a through 5e and 7a through 7c. Section VI contains a summary of the base period data.

11. Federal Express confirmed delivery and receipt of the request by Robert Horsey, an employee of CMS, on July 19, 2011.

12. Defendant did not respond to Professor Biles's FOIA request within 20 days as required by 5 U.S.C. § 552(a)(6)(A)(i) (2011).

13. On two previous occasions, CMS failed to timely respond to Professor Biles's FOIA requests, resulting in litigation in this Court. *See Biles v. CMS*, No. 08-0518 (RCL); *Biles v. CMS*, No. 10-02122 (EGS). In both cases, CMS disclosed some or all of the data sought.

14. CMS has not responded to Professor Biles's July 18, 2011 FOIA request. Professor Biles has therefore exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i) (2011).

## CLAIM

15. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-14 in the complaint as if fully set forth herein.

16. Defendant has violated the FOIA by failing to disclose records responsive to Plaintiff's July 18, 2011 request to which he is statutorily entitled. The requested data is not covered by any applicable FOIA exemption. 5 U.S.C. § 552(b) (2011).

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that Defendant's failure to disclose records requested by Professor Biles on July 18, 2011 is unlawful;

2. Order Defendant to disclose all records requested by Professor Biles in his July 18, 2011 request;

3. Order that Defendant provide such data in an Excel spreadsheet, structured to allow linkage to other CMS data on MA plans by inclusion of all contract, plan, geographic, and other like identifiers. As appropriate, the data should be consistent with other CMS-provided data on MA plan on the 2009 Medicare Advantage Rate Calculation Data spreadsheet. If the data has been converted to any other database management software program(s) for manipulation or analysis by CMS or any of its contracts, Plaintiff requests that the Court order that the data also be provided in these other format(s) along with full file documentation for such formats;

4. Order Defendant to waive any and all fees associated with the request;

5. Award Plaintiff his costs and reasonable attorney's fees;

6. Award any other relief that the Court deems just and proper.

_____
JEFFREY S. GUTMAN (D.C. Bar No. 416954)
The George Washington University Law School
2000 G Street, N.W.
Washington, D.C. 20052
(202) 994-7463 (phone)
(202) 994-4693 (fax)
jgutman@law.gwu.edu (e-mail)

Attorney for Plaintiff

Dated: November 14, 2011